IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LUTHER MONTGOMERY,     )
    )
    Plaintiff,     )
    )
vs.     )     CIV. A. NO. 24-192-KD-MU
    )
JULIA ROBINSON,     )
    )
    Defendant.     )

## REPORT & RECOMMENDATION

Plaintiff Luther Montgomery filed a complaint in this case without the assistance of an attorney (Doc. 1), along with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This case has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(b). Because Montgomery seeks to proceed without prepayment of fees, his complaint is subject to review, under §1915, and is due to be dismissed "at any time if the court determines that . . .  the action or appeal— (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint (Doc. 1), the undersigned finds that the complaint is due to be **DISMISSED with prejudice**.

### A. Motion to Proceed In Forma Pauperis

Authority for granting Plaintiff permission to proceed without prepayment of fees and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or

> proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915.... However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*,

957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)). "While one need not be absolutely destitute to qualify for *in forma pauperis* status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for herself and her dependents." *Mitchell v. Champs Sports*, 42 F. Supp. 2d 642, 648 (E.D. Tex. 1998) (citations omitted). In *Martinez, supra*, the Eleventh Circuit determined that affidavit statements satisfying the requirement of poverty should be accepted by the trial court "absent a serious misrepresentation and need not show that the litigant is 'absolutely destitute' to qualify for indigent status under § 1915." 364 F.3d at 1307 (citation omitted); *see also id*. ("Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents.").

As to the first prong, Plaintiff states that he is single with two dependent children for whom he provides no monthly support. (Doc. 2, PageID.6). Plaintiff further states that he is not employed and has no income or assets. (Doc.2, PageID.2). He did not provide his date of last employment or any other financial information except to state: "I am currently staying with a family member who is helping me with living and food for zero cost." (*Id*.). Based on this limited information, the Court finds that Plaintiff would likely qualify to proceed IFP as to the first prong.

**B. Complaint**

A determination of Plaintiff's financial status need not be made here, however, because Plaintiff's complaint seeks monetary relief against a defendant who is immune from such relief. Although *pro se* complaints are held to a less stringent standard than pleadings filed by counsel and are, therefore, liberally construed, *see Tannenbaum v.*

*United States,* 148 F.3d 1262, 1263 (11ᵗʰ Cir. 1998), a *pro se* plaintiff must allege some facts that would support a legal claim. "An action is frivolous if it is without arguable merit in law or fact." *Austin v. Judge,* 851 F. App'x 173, 174 (11ᵗʰ Cir. 2021) (citing *Napier v. Preslicka*, 314 F.3d 528, 531 (11ᵗʰ Cir. 2008) (*overruled on other grounds*)). A district court may dismiss a complaint *sua sponte* without giving the plaintiff notice or an opportunity to respond if "amendment would be futile or the complaint is patently frivolous." *See Surtain v. Hamlin Terrace Found.,* 789 F.3d 1239, 1248 (11ᵗʰ Cir. 2015).

Plaintiff has brought this action against an intake clerk at the federal courthouse in Mobile, Alabama by filling out a "Complaint for Civil Case" form. (Doc. 1).  Under the section requesting the basis of federal question jurisdiction, Plaintiff states: "I feel like the federal courthouse should hear my case against Julia robinson [*sic*] who is a federal clerk that violated my constitutional rights which are federal laws that were broken." (Doc. 1, PageID.3).  Based on this statement, Montgomery attempts to bring a complaint under *Bivens* for an alleged constitutional violation by a federal official. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* provides a cause of action for monetary damages against federal officials in their individual capacities for a violation of a federal constitutional right. *Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla.*, 150 F. App'x 988, 989 (11th Cir. 2005).[1]

The facts contained in the complaint are sparse, but the Statement of Claim says:

On February 15ᵗʰ, 2024 to file a new complaint because of the amendant [*sic*] complaint that I previous [*sic*] filed ended up making my complaint a shotgun plea which made the judge put in for the case to be dismissed but

---

[1] The Court notes that Plaintiff also asserts diversity of citizenship as a basis of jurisidiction, although it is clear that the requirements of 28 U.S.C. § 1332(a) are not present. Plaintiff has only claimed $1,000 in damages and both Plaintiff and Defendant are noted as citizens of Alabama. (Doc. 1, PageID.3-4).

> nothing was scanned in only [illegible] old Amended complaint what I did not give her.[2]

(Doc. 1, PageID.4). Although not entirely clear from the pleadings, it seems that Plaintiff is attempting to assert a claim for damages of one-thousand dollars against the intake clerk for filing a document clearly labeled as "Amendant [*sic*] Complaint for a Civil Case" and with a caption of "Case No. 23-CV-130-JB-MU" in that closed case instead of as a new civil filing. Plaintiff claims that the clerk "knew I came in to open a new complaint but instead she ended up filing a new Amendant [*sic*] complaint that I had previously filed." (*Id*.). Regardless of the facts related to the filings, the clerk is entitled to immunity for her actions.

"In this circuit, while court clerks enjoy a 'narrower ambit of immunity than judges,' *see Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir.1981), court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction, and only qualified immunity from all other actions for damages.' *Id*." *Coggins v. Suter*, No. CIV.A. 308-CV-775-TM, 2008 WL 4826284, at *2 (M.D. Ala. Nov. 5, 2008). Put another way, "[n]onjudicial officials have absolute immunity for their duties that are integrally related to the judicial process.

---

[2] Relevant to the facts of this action, Plaintiff previously filed Civ. A. No. 23-130-JB-MU, *Montgomery v. Stewart*, which was dismissed without prejudice on October 25, 2023. (Doc. 15). The Order dismissing the case (Doc. 14) adopted the undersigned's Report and Recommendation that the action be dismissed prior to service of process because Plaintiff's second-amended complaint was a shotgun pleading that failed to state a claim upon which relief may be granted. (Doc. 11). Then, on February 15, 2024, another amended complaint was filed in Civ. A. No. 23-130. (Doc. 23). This amended complaint is the same as the second-amended complaint that was filed on July 5, 2023 (Doc. 10), with the addition of the word "Amendant" [*sic*] hand-written on the first page and one hand-written page attached at the end with additional allegations against the defendant police officers. (Doc. 23, PageID.9). This final amended complaint was stricken by the Court on February 16, 2024, noting that the action was terminated and a final judgment had already been entered. (Doc. 24).

Absolute quasi-judicial immunity for nonjudicial officials is determined by a functional analysis of their actions in relation to the judicial process." *Jenkins*, 150 F. App'x. at 990.

Here, even if the Plaintiff's assertions about the clerk's actions in filing the document were accurate, those actions were integrally related to the judicial process and entitle her to quasi-judicial immunity. *See Tabit-El v. Lavelle*, No. 2:22-CV-665-RAH-SMD, 2023 WL 5499870, at *7 (M.D. Ala. Aug. 8, 2023), *report and recommendation adopted*, No. 2:22-CV-665-RAH, 2023 WL 5493545 (M.D. Ala. Aug. 24, 2023) ("A clerk's actions in filing papers in a court's files is an integral part of the judicial process. Therefore, Clerk Hill is entitled to quasi-judicial immunity."). Similarly, in a case involving allegations of misfiling a complaint presented to the clerk's office, the district court held:

> The commencement of an action by filing a complaint or petition is a basic and integral part of the judicial process. *See, e.g.,*…F.R.Civ.P. 3 (civil action commenced by filing a complaint). The clerk of court and deputy clerks are the officials through whom such filing is done. Consequently, the clerks qualify for quasi-judicial immunity unless these acts were done in the clear absence of all jurisdiction.
>
> As noted above, a mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in "grave procedural errors." *Stump,* 435 U.S. at 359, 98 S.Ct. at 1106. Here, the complaint alleges that the clerks erred in failing to carry out their alleged duties. All of the acts complained of, however, are within the general "subject matter jurisdiction" of the…clerks.
>
> Thus, the clerks had quasi-judicial immunity and did not act in the clear absence of all jurisdiction. As a result, the district court's ruling that the court clerks had absolute immunity from damages is affirmed.

*Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). There is absolutely no evidence the clerk here acted in the absence of all jurisdiction in filing the document presented as an amended complaint. Accordingly, Clerk Robinson is entitled

to absolute immunity for her actions, and the claims against her are due to be dismissed prior to service of process.

### C. Leave to Amend

The general rule in this circuit for *pro se* plaintiffs, or plaintiffs who do not have an attorney, is that, "[w]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (per curiam), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank*'s one-chance-to-amend rule as to counseled parties). However, "where the plaintiff has indicated that he does not wish to amend his complaint," or "if a more carefully drafted complaint could not state a claim[,]" then "the district court need not dismiss with leave to amend[,]" and "dismissal with prejudice is proper." *Id.* The undersigned finds a more carefully drafted complaint would not overcome the fact that the sole defendant is entitled to absolute immunity from suit. As a result, leave to amend would be futile here.

### <u>CONCLUSION</u>

Based upon the foregoing finding that the sole defendant is immune from suit, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's complaint be **DISMISSED, with prejudice**, pursuant to 28 U.S.C. § 1915(e)(2)(B).[3]

---

[3] Because the Court finds that Plaintiff's action is without merit and due to be dismissed, Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) is **DENIED as moot.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D.ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the **27th** day of **June**, **2024**.

s/ P. Bradley Murray
**UNITED STATES MAGISTRATE JUDGE**