IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUTHER MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 24-00192-KD-MU |
| ) | |
| JULIA ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This action is before the Court on the letter from Plaintiff Luther Montgomery, which the Court construes as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (doc. 6). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Previously, the Court adopted the Report and Recommendation that this action against Defendant Julia Robinson be dismissed with prejudice. The Court found that because Robinson was acting in her capacity as a court clerk when filing documents in Montgomery's Civil Action 23-CV-00130-JB-MU, her actions were integrally related to the judicial process and she was entitled to absolute immunity (docs. 4, 5).

Montgomery argues that this "Court has jurisdiction to hear" his case because Robinson is "a Federal Clerk who work under a Federal business who violated [his] constitutional rights which is a Federal Crime under a Federal law" (doc. 6).  He argues that Robinson violated his rights under the 5th Amendment and 18 U.S.C. § 1519 because she "tampered with evidence … by not filing [his] accurate paperwork" (Id).  As to the inaccuracy, Montgomery asserts that he gave Robinson a new complaint to open a civil action, but she intentionally did not open a new action. Instead, she docketed an amended complaint in Montgomery's closed civil action.

The Court construes Montgomery's letter as a motion for reconsideration pursuant to Rule 59(e). See Hunt v. Nationstar Mortg., LLC, 782 Fed. Appx. 762, 764 (11th Cir. 2019) (citation omitted) ("A motion for reconsideration filed within 28 days after the entry of judgment is within the scope of Rule 59(e)"). "A district court may grant a motion for reconsideration under Rule 59(e) only if the movant presents newly discovered evidence or demonstrates 'manifest errors of law or fact' in the challenged ruling." Giddens v. Lawson, 839 Fed. Appx. 350 (11th Cir. 2020) (quoting Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007)).  " '[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.' " Arthur, 500 F. 3d at 1343 (bracketed text in original) (quoting Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005)).

Montgomery seeks to relitigate old matters. He raises the same allegations as in his complaint (doc. 1). He alleged that "the Federal Courthouse should hear my case against Julia Robinson who is a Federal clerk that violated my constitutional rights which are Federal laws that were broken" (Id.). Also, he alleged that Robinson "knew" that he "came in to open a new complaint but instead she ended up filing a new [amended] complaint that [he] had previously filed already." (Id.). Montgomery does not present any newly discovered evidence. He does not argue that the Court's findings of fact or decision that Robinson was entitled to absolute immunity were erroneous. Therefore, his motion is denied.

DONE and ORDERED this the 16th day of August 2024.

          **/s/ Kristi K. DuBose**
          **KRISTI K. DuBOSE**
          **UNITED STATES DISTRICT JUDGE**